**Law Offices**
**PARKER McCAY P.A.**
**Brett E.J. Gorman, Esquire**
**Andrew W. Li, Esquire**
**9000 Midlantic Drive, Suite 300**
**P.O. Box 5054**
**Mount Laurel, New Jersey 08054-5054**
**(856) 596-8900**
**bgorman@parkermccay.com**
**ali@parkermccay.com**

*Attorneys for Defendants, Harrison Township Board of Education*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANN SMITH, KARL HEDENBERG, MELISSA POULSON, MICHAEL SANDBURG, and LEONARDO SANTIAGO, on behalf of themselves and others similarly situated, | Civil Action No. 1:18-cv-10381 (RMB)(KMW) |
| Plaintiffs | |
| v. | |
| NEW JERSEY EDUCATION ASSOCIATION; CLEARVIEW EDUCATION ASSOCIATION, HARRISON TOWNSHIP EDUCATION ASSOCIATION, and KINGSWAY EDUCATION ASSOCIATION, as representatives of the class of all chapters and affiliates of the NEW JERSEY EDUCATION ASSOCIATION; NATIONAL EDUCATION ASSOCIATION; HARRISON TOWNSHIP BOARD OF EDUCATION, HARRISON TOWNSHIP BOARD OF EDUCATION, and KINGSWAY REGIONAL SCHOOL DISTRICT BOARD OF EDUCATION, as representatives of the class of all school boards in New Jersey; PHIL MURPHY, in his official capacity as Governor of New Jersey; JOEL M. WEISBLATT, PAUL BOUDREAU, PAULA B. VOOS, JOHN | DEFENDANT, HARRISON TOWNSHIP BOARD OF EDUCATION'S ANSWER TO THE THIRD AMENDED COMPLAINT with SEPARATE DEFENSES, CROSSCLAIMS, ANSWER TO CROSSCLAIMS/COUNTERCLAIMS, REQUEST FOR ALLOCATION, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, and CERTIFICATION PURSUANT TO LOCAL RULE 11.2 |

1

BONANNI, and DAVID JONES, in their official capacities as chairman and members of the New Jersey Public Employment Relations Commission,

Defendants.

DEFENDANT HARRISON TOWNSHIP BOARD OF EDUCATION (hereinafter referred to as the "Board of Education"), with administrative offices located at 120 North Main Street, Mullica Hill, New Jersey 08062, by way of Answer to the above-captioned Third Amended Complaint, says:

**JURISDICTION and VENUE**

1.   The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required. To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

2.   The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required. To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs

2

are left to their proofs.

3.   The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required. To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

**PARTIES**

4.   The Board of Education lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph, but to the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

5.   The Board of Education lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph, but to the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

6.   The Board of Education lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph, but to the extent the allegations of this paragraph

assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

7.   The Board of Education lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph, but to the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

8.   The Board of Education lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph, but to the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

9.   The Board of Education lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph, but to the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

10.   The Board of Education lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph, but to the extent the allegations of this paragraph

4837-0023-6660, v. 1

assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

11.  The Board of Education neither admits nor denies the allegations contained in this paragraph as they are directed to and/or against another party. To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

12.  The Board of Education neither admits nor denies the allegations contained in this paragraph as they are directed to and/or against another party. To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

13.  The Board of Education neither admits nor denies the allegations contained in this paragraph as they are directed to and/or against another party. To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

14.  Admitted insofar as the Harrison Township Board of Education is a duly-constituted board of education located in Gloucester County, New Jersey. To the extent the allegations of

4837-0023-6660, v. 1

this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

15.   The Board of Education neither admits nor denies the allegations contained in this paragraph as they are directed to and/or against another party. To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

16.   The Board of Education neither admits nor denies the allegations contained in this paragraph as they are directed to and/or against another party. To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

17.   The Board of Education neither admits nor denies the allegations contained in this paragraph as they are directed to and/or against another party. To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

18.   The Board of Education neither admits nor denies the allegations contained in this paragraph as they are directed to and/or against another party. To the extent the allegations of

6

this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

### STATEMENT OF THE CLAIM: REPRESENTATION-FEE PAYERS

19.   The Board of Education lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph insofar as they are directed to and/or against another party. The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required. To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

20.   Admitted, insofar as the identified Plaintiff was employed by the Board of Education as a teaching staff member. The Board of Education lacks sufficient knowledge to either admit or deny the remaining allegations contained in this paragraph, but to the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

21.   The Board of Education lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph

4837-0023-6660, v. 1

insofar as they are directed to and/or against another party. The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required. To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

22.  The Board of Education neither admits nor denies the allegations contained in this paragraph, insofar as they attempt to summarize and/or characterize the contents of a collective bargaining agreement, which is a document that speaks for itself. To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

23.  The Board of Education neither admits nor denies the allegations contained in this paragraph, insofar as they attempt to summarize and/or characterize the contents of a collective bargaining agreement, which is a document that speaks for itself. To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

8

24.   The Board of Education lack sufficient knowledge to either admit or deny the allegations contained in this paragraph insofar as they are directed to and/or against another party. To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

25.   The Board of Education neither admits nor denies the allegations contained in this paragraph, insofar as they attempt to summarize and/or characterize the contents of a collective bargaining agreement and/or an order from the Public Employment Relations Commission, which are documents that speak for themselves. To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

26.   The Board of Education lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph insofar as they are directed to and/or against another party. The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they attempt to summarize and/or characterize the contents of an order from the Public Employment Relations Commission, which is a document that speaks for itself. To the extent the allegations of this paragraph

9

assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

27.    The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required. To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

28.    The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required. To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

29.    The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required. To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

4837-0023-6660, v. 1

30.   To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs. The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required, and leave Plaintiffs to their proofs.

31.   The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required, and leave Plaintiffs to their proofs. To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

32.   The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required, and leave Plaintiffs to their proofs. To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

**STATEMENT OF THE CLAIM: UNWILLING UNION MEMBERS**

4837-0023-6660, v. 1

33.   Admitted, insofar as the identified Plaintiff was employed by the Board of Education as a teaching staff member. The Board of Education lacks sufficient knowledge to either admit or deny the remaining allegations contained in this paragraph, but to the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

34.   The Board of Education lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph insofar as they are directed to and/or against another party. To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

35.   The Board of Education lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph insofar as they are directed to and/or against another party. To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

36.   The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert

legal theories and/or require legal conclusions to which no response is required, and leave Plaintiffs to their proofs. To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs.

37.   The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required, and leave Plaintiffs to their proofs.

38.   To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs. The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required, and leave Plaintiffs to their proofs.

39.   To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Bo Board of Education ards, such allegations are denied and Plaintiffs are left to their proofs. The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required, and leave Plaintiffs to their

13

proofs.

## STATEMENT OF THE CLAIM: CHALLENGE TO A.3686 §6 AND N.J. REV. STAT. §52:14-15.9E

40.   To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs. The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required, and leave Plaintiffs to their proofs.

41.   To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs. The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required, and leave Plaintiffs to their proofs.

42.   To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs. The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required, and leave Plaintiffs to their proofs.

4837-0023-6660, v. 1

43.  To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs. The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required, and leave Plaintiffs to their proofs.

44.  To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs. The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required, and leave Plaintiffs to their proofs.

45.  To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs. The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required, and leave Plaintiffs to their proofs.

**STATEMENT OF THE CLAIM: FAILURE TO OBTAIN POST-*JANUS* CONSENT**

46.  To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of

4837-0023-6660, v. 1

Education, such allegations are denied and Plaintiffs are left to their proofs. The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required, and leave Plaintiffs to their proofs.

47.   The Board of Education lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph insofar as they are directed to and/or against another party. To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs. The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required, and leave Plaintiffs to their proofs.

48.   To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs. The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required, and leave Plaintiffs to their proofs.

49.   To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of

Education, such allegations are denied and Plaintiffs are left to their proofs. The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required, and leave Plaintiffs to their proofs.

### CAUSES OF ACTION

50.   To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs. The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required, and leave Plaintiffs to their proofs.

51.   To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs. The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required, and leave Plaintiffs to their proofs.

### DEMAND FOR RELIEF – REPRESENTATION-FEE PAYERS

52.   To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left

17

to their proofs. The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required, and leave Plaintiffs to their proofs.

### DEMAND FOR RELIEF – UNWILLING UNION MEMBERS

53.  To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs. The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required, and leave Plaintiffs to their proofs.

### DEMAND FOR RELIEF – CHALLENGE TO A.3686 §6 AND N.J. REV. STAT. §52:14-15.9E

54.  To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of Education, such allegations are denied and Plaintiffs are left to their proofs. The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required, and leave Plaintiffs to their proofs.

### DEMAND FOR RELIEF – FAILURE TO SECURE POST-*JANUS* CONSENT

55.  To the extent the allegations of this paragraph assert any wrongdoing by and/or liability against the Board of

Education, such allegations are denied and Plaintiffs are left to their proofs. The Board of Education neither admits nor denies the allegations contained in this paragraph insofar as they assert legal theories and/or require legal conclusions to which no response is required, and leave Plaintiffs to their proofs.

**WHEREFORE,** the Harrison Township Board of Education denies that Plaintiffs are entitled to the relief demanded in the Third Amended Complaint from this Defendant.  The Harrison Township Board of Education demands judgment against the Plaintiffs dismissing the Third Amended Complaint; ordering payment of its attorneys fees and costs; and, for such further relief as the Court may deem reasonable and just.

### AFFIRMATIVE DEFENSES TO THE THIRD AMENDED COMPLAINT

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed, in whole and/or in part, to state a claim upon which relief can be granted, and the Third Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

The Third Amended Complaint fails, in whole and/or in part, because Plaintiffs' claims are barred by the applicable statute(s) of limitations.

### THIRD AFFIRMATIVE DEFENSE

The Third Amended Complaint fails, in whole and/or in part,

LAW OFFICE
**Parker McCay P.A.**

19

because Plaintiffs have failed to identify a Constitutionally-protected right.

### FOURTH AFFIRMATIVE DEFENSE

The Third Amended Complaint fails, in whole and/or in part, because any violation of Plaintiffs' Constitutionally-protected rights were not caused by the Board of Education.

### FIFTH AFFIRMATIVE DEFENSE

The Third Amended Complaint fails, in whole and/or in part, because any violation of Plaintiffs' Constitutionally-protected rights were not caused by an intentional act and/or omission on the part of the Board of Education.

### SIXTH AFFIRMATIVE DEFENSE

The Third Amended Complaint fails, in whole and/or in part, because Plaintiffs' claims are barred by the applicable statute(s) of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

The Third Amended Complaint fails, in whole and/or in part, to state a claim for which attorneys fees can be awarded pursuant to 42 U.S.C. §1988.

### EIGHTH AFFIRMATIVE DEFENSE

The Third Amended Complaint fails, in whole and/or in part, because Plaintiffs lack standing with respect to their claims.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs suffered no economic loss and/or failed to

LAW OFFICE
**Parker McCay P.A.**

20

mitigate their alleged damages, entitlement to which is specifically denied.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole and/or in part, by the doctrines of estoppel, waiver, laches, unclean hands, entire controversy, and/or *res judicata*.

### ELEVENTH AFFIRMATIVE DEFENSE

All, or part of, Plaintiffs' claims are barred by the applicable statute(s) of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

The actions, conduct and/or failure to act alleged against the Board of Education were not the proximate cause of any injury and/or damage to Plaintiffs.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any injury or damage allegedly sustained by Plaintiffs was caused by the sole, contributory and/or comparative negligence and/or intentional acts of Plaintiffs, Co-Defendants and/or parties not yet known or named.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Third Amended Complaint fails, in whole and/or in part, because Plaintiffs have failed to join a party or parties necessary for the just adjudication of their claims pursuant to Federal Rule of Civil Procedure 19.

4837-0023-6660, v. 1

### FIFTEENTH AFFIRMATIVE DEFENSE

All of the Board of Education's actions with respect to Plaintiffs were undertaken in good faith, reasonably, and in full accord and in good faith reliance upon existing laws, rules and regulations, and not for improper or illegal reasons.

### SIXTEENTH SEPARATE DEFENSE

Plaintiffs cannot meet their burden of proof pursuant to the 42 U.S.C. §1983.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Board of Education is entitled to qualified immunity.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Board of Education is a public entity within the meaning of the New Jersey Tort Claims Act, N.J.S.A. § 59:1-1, et seq. and, by virtue of said Tort Claims Act and its various provisions, the Board of Education is not liable to Plaintiffs and any recovery by Plaintiffs is subject to the limitations set forth in the Act.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, because at all relevant times hereto, the Board of Education acted in accordance with all applicable legal requirements, including but not limited to, compliance with the New Jersey Workplace Democracy Enhancement Act and/or the existing Federal and State laws, rules and regulations relevant to the issue(s) in question.

4837-0023-6660, v. 1

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that such claims are based on the doctrine of *respondeat superior* because the doctrine of *respondeat superior* is not a basis for recovery under 42 U.S.C. §1983.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs should be responsible for all counsel fees, costs and expenses incurred by and/or on behalf of the Board of Education in this lawsuit because the Third Amended Complaint is frivolous with respect to the Board of Education. Defendant therefore reserves the right to apply for the imposition of sanctions against Plaintiffs pursuant to N.J.S.A. 2A:15-59.1, and to make an application for counsel fees and costs of suit pursuant to N.J.S.A. 2A:15-59.1 and/or Federal Rule of Civil Procedure 11 on the basis that the within cause of action is without merit, is frivolous and has been instituted by Plaintiffs in bad faith, with the intent to harass this Defendant, and to cause it to incur great expense in defense of same, all to the damage of the Board of Education.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Board of Education re-alleges and sets forth each and every defense heretofore or hereafter pled by any other party to this action as if more specifically set forth at length herein.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Board of Education hereby reserves the right to add additional separate defenses based upon pre-trial discovery and such information as may hereafter become available.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Board of Education further reserves the right to offer additional defenses, which cannot now be articulated due to the Plaintiffs' failure to particularize their claims or due to the fact that the Board of Education does not have critical discovery, upon further particularization of the claims by Plaintiffs and/or upon further discovery concerning the issues herein.

### <u>CROSS-CLAIMS</u>

### FIRST COUNT
### (Indemnification)

1.    The Harrison Township Board of Education Inc. denies that it is in any way liable to Plaintiffs for damages.  However, in the event that the Harrison Township Board of Education is held liable to Plaintiffs for the causes of action stated in the Third Amended Complaint, such liability was passive, secondary, imputed, derivative and/or vicarious, with the liability of all other Defendants, Third-Party Defendants and/or parties named or to be named herein (hereinafter collectively referred to as the "Co-Defendants") being active and primary, thus giving rise to a duty on the part of those Co-Defendants to hold the Harrison Township

4837-0023-6660, v. 1

Board of Education harmless and to indemnify the Harrison Township Board of Education from any loss herein.

2.    The Harrison Township Board of Education further seeks contractual indemnification, together with costs of suit, attorneys fees, and all other such relief as this Court deems just and proper, pursuant to the terms and conditions of the collective bargaining agreement entered into between the Harrison Township Board of Education and the Harrison Education Association.

3.    The Harrison Township Board of Education further seeks common law and/or contractual indemnification pursuant to the terms and conditions of any contract or agreement entered into between Harrison Township Board of Education and any named party, or any person or entity to be named, the Joint Tortfeasors Contribution Act (N.J.S.A. 2A:53A-1, *et seq.*), and/or the Comparative Negligence Act (N.J.S.A. 2A:15-5.1, *et seq.*), together with costs of suit, attorneys fees, and all other such relief as this Court deems just and proper, from the Co-Defendants and/or any indispensable and necessary parties not yet joined in this action and/or whose identity is not yet known who may hereafter be designated or added by way of amendment or by filing of a further pleading.

**WHEREFORE,** Defendant, Harrison Township Board of Education demands indemnification from its Co-Defendants, jointly and

severally, together with costs of suit, attorneys fees, and all other such relief as this Court deems just and proper.

**SECOND COUNT**
**(Contribution)**

1.      The Harrison Township Board of Education repeats and re-alleges each and every preceding allegation as if set forth fully and at length herein.

2. While denying any liability to Plaintiffs, should the Harrison Township Board of Education be adjudged liable to Plaintiffs for the causes of action stated in the Third Amended Complaint, the Harrison Township Board of Education demands common law contribution pursuant to the Joint Tortfeasors Contribution Act (<u>N.J.S.A.</u> 2A:53A-1*, et seq.*), the Comparative Negligence Act (<u>N.J.S.A.</u> 2A:15-5.1, *et seq.*) and/or all applicable laws, rules and/or regulations, together with costs of suit, attorneys fees, and all other such relief as this Court deems just and proper, from the Co-Defendants and/or any indispensable and necessary parties not yet joined in this action and/or whose identity is not yet known who may hereafter be designated or added by way of amendment or by filing of a further pleading.

3. The Harrison Township Board of Education further seeks contractual contribution pursuant to the terms and conditions of any contract or agreement entered into between the Harrison Township Board of Education and the Co-Defendants and/or any

indispensable and necessary parties not yet joined in this action and/or whose identity is not yet known who may hereafter be designated or added by way of amendment or by filing of a further pleading.

**WHEREFORE**, Defendant, Harrison Township Board of Education demands contribution from its Co-Defendants, jointly and severally, together with costs of suit, attorneys fees, and all other such relief as this Court deems just and proper.

### ANSWER TO ALL CROSS-CLAIMS/COUNTERCLAIMS

The Harrison Township Board of Education by way of Answer to any Cross-Claim and/or Counterclaim filed or to be filed in this matter, denies any and all allegations contained in any Cross-Claim and/or Counterclaim filed and/or to be filed in this matter; denies that any other Defendant, Third-Party Defendant and/or party named or to be named herein (hereinafter collectively referred to as the "Co-Defendants") is entitled to allocation, contribution and/or indemnification from the Harrison Township Board of Education; and holds those Co-Defendants to their proofs.

**WHEREFORE**, Defendant, Harrison Township Board of Education demands judgment dismissing any Cross-Claim and/or Counterclaim, and all claims therein against the Harrison Township Board of Education, with prejudice, along with costs of suit, attorneys fees, and all other such relief as this Court deems just and

4837-0023-6660, v. 1

proper.

## REQUEST FOR ALLOCATION

If any party settles their claims prior to verdict, the Harrison Township Board of Education will seek an allocation by the fact finder of the liability of the settling party. Despite any settlement by a settling party, the liability of that settling party will remain an issue. The Harrison Township Board of Education will rely upon the direct examination and cross-examination of expert witnesses and/or any and all other witnesses at the time of trial in support of this allocation and specifically reserve the right to call any and all such witnesses.

## DEMAND FOR TRIAL BY JURY

The Harrison Township Board of Education demands a trial by jury as to all Counts.

## DESIGNATION OF TRIAL COUNSEL

Brett E.J. Gorman, Esq. and Andrew W. Li, Esq. are hereby designated as trial counsel for Defendant, Harrison Township Board of Education in this matter.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

Pursuant to Local Rule 11.2, I hereby certify that, to the

28

best of my knowledge, the matter in controversy is not the subject of any other action pending in any other court or of any pending arbitration or administrative proceeding.

**PARKER McCAY P.A.**
Attorneys for Defendant,
Harrison Township Board of Education


*/s/ Brett E.J. Gorman*
BRETT E.J. GORMAN, ESQ.


*/s/ Andrew W. Li*
ANDREW W. LI, ESQ.


Dated:  September 28, 2018

4837-0023-6660, v. 1